NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PROVIDENT LIFE & CASUALTY INSURANCE COMPANY, | Hon. Garrett E. Brown, Jr. |
| Plaintiff, | Civil Action No. 06-4482 |
| v. | **MEMORANDUM OPINION** |
| THE ESTATE OF CONSUELA HOWARD, TIMOTHY HOWARD, TIMOTHY HOWARD, JR., *a Minor*, CONNIE HOWARD, *a Minor*, RAVEN HOWARD, *a Minor*, | |
| Defendants. | |

**BROWN, Chief Judge:**

This matter[1] comes before the Court on the unopposed motion (Doc. No. 29) for summary judgment filed by interpleader Claimant the Estate of Consuela Howard ("Estate"). For the following reasons, the Court will grant the Estate's motion, subject to conditions.

At issue in this case are the life insurance benefits under group policy number 127842-0002 ("the policy") for decedent Consuela Howard. Interpleader Plaintiff Provident Life and Casualty Insurance Company ("Provident") deposited $100,553.68 in benefits and interest ("the benefits") with the Court's Registry on November 19, 2007, pursuant to the October 23, 2007 Order issued by the Honorable Harold A. Ackerman, Senior United States District Judge, that discharged Provident of all liability related to the policy. Provident has no further interest in the

---

[1]This matter was reassigned to the undersigned by Order of August 10, 2009.

benefits in this case.

The Estate presently seeks summary judgment in its favor and against Counter-Claimant Timothy Howard, Sr., for the policy's benefits, and it relies on the certification of its administrator Betty Davis. Mr. Howard was the decedent's husband, and it is undisputed that he killed his wife. (Davis Certif. ¶¶ 1–2, App. at 3 (New Jersey Superior Court Law Division Judgment of Conviction).) The Estate contends that New Jersey law divests Mr. Howard of his interest in his wife's life insurance benefits, and that the benefits should pass in equal shares to his children, Timothy, Jr., Connie, and Raven, pursuant to the terms of the policy. (*See* Compl. ¶ 10.) Mr. Howard, who is currently incarcerated, has not formally appeared or responded to the present motion, but the Court heard his position regarding the policy benefits during a teleconference on July 23, 2010.

Mr. Howard does not dispute the Estate's claim for the benefits. It is undisputed that Mr. Howard pled guilty to murder, in violation of N.J. Stat. Ann. §§ 2C:11-3a(1), 2C:11-3a(2), on September 10, 2007. (Davis Certif. App. at 3 (Judgment of Conviction).) Pursuant to N.J. Stat. Ann. § 3B:7-1.1a, "[a]n individual who is responsible for the intentional killing of the decedent forfeits all benefits under this title with respect to the decedent's estate, including an intestate share, an elective share, an omitted spouse's, domestic partner's or child's share, exempt property and a family allowance. If the decedent died intestate, the decedent's intestate estate passes as if the killer disclaimed his share." Because Mr. Howard does not contest that he intentionally killed decedent, he forfeits all benefits under the policy, and the Court will award the benefits to the Estate for distribution to the children in accordance with the terms of the policy.

Mr. Howard does request that the Estate not award the respective shares of the benefits to the children until the children have attained the age of 21, noting his concern that his children would not have the maturity to make responsible use of the benefits until that time. In other words, Mr. Howard would like the Court to impose a constructive trust that would guard the children's respective shares of the benefits until each reaches the age 21. This Court notes that courts in New Jersey have relied on equitable principles to achieve the legislative purpose behind N.J. Stat. Ann. § 3B:7-1.1a and its predecessor N.J. Stat. Ann. § 3B:7-3. *See, e.g.*, *Bennett v. Allstate Ins. Co.*, 317 N.J. Super. 324, 329–31 (App. Div. 1998) (relying on equitable principles to divest the contingent beneficiary of a life insurance policy of her interest in the policy benefits and award the benefits to her grandchildren, where the beneficiary's son had murdered her grandchildren's mother, and the grandmother would have the discretion to transfer the benefits back to her son). However, the Court is aware of no authority for imposing a constructive trust to delay the children's receipt of the benefits until they turn 21. Indeed, such a constructive trust would run counter to New Jersey law, which treats 18 as the age of majority. N.J. Stat. Ann. § 2A:4A-22. Furthermore, it appears that the Superior Court of New Jersey, Chancery Division, Hudson County, has already ordered the Estate to award the children their respective shares of any money awarded under the insurance policy by this Court when the children reach age 18. (*See* Davis Certif. Ex. A (April 16, 2010 Order of Appointment).)

The Court empathizes with Mr. Howard's concern for the welfare of his children. However, this Court's interpleader jurisdiction, which only concerns the interpled *res* arising from the life insurance policy, does not provide a vehicle to review the Chancery Division's administration of decedent's Estate. Thus, Mr. Howard's request for a constructive trust on the

3

children's behalf is properly addressed to the Chancery Division. Based on the undisputed record in this case, the Court must award the benefits to Ms. Davis, the administrator of the Estate. Yet, the Court will retain the benefits until October 29, 2010, so that the Chancery Division may have an opportunity to consider Mr. Howard's *pro se* request for a constructive trust. The Court will serve a copy of this Opinion and the accompanying Order upon the Chancery Division, and the Court will release the benefits to the Estate either when it receives instructions from the Chancery Division or when the designated review period lapses.

For the above reasons, the Court will grant the Estate's motion (Doc. No. 29) for summary judgment, subject to the aforementioned review period. An appropriate form of Order accompanies this Memorandum Opinion.

Dated: September 13, 2010

                                                                                                  /s/ Garrett E. Brown, Jr.
                                                                         GARRETT E. BROWN, JR., U.S.D.J.